**Case No. 26-12534**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

DRUMMOND COMPANY, INC.,
*Plaintiff-Appellee*
v.
TERRENCE P. COLLINGSWORTH
*Defendant-Appellant*

---

On Appeal from the United States District Court
for the Northern District of Alabama,
The Honorable R. David Proctor
No. 2:11-cv-03695-MHH

---

# APPELLANT'S MOTION FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF

---


Terrence Collingsworth
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Phone: (202) 543-5811 (Office Direct)
(202) 255-2198 (Mobile)
Email: tc@iradvocates.org

*Counsel for Defendant-Appellant*

## REQUEST FOR EXTENSION OF TIME

Pursuant to Federal Rule of Appellate Procedure 26(b) and Eleventh Circuit Rule 31-2(d), Appellants respectfully submit this request for a 120-day extension of time, through and including March 23, 2027, to file their Opening Brief in the consolidated appeal of Case No. 26-12503 ("RICO") and Case No. 26-12534 ("Defamation").[1] This request is based on the attached Exhibit 1, containing Appellants' email communications with Drummond's counsel regarding consolidation of the appeals and Appellants' request for an extension of time to file their opening brief, and Exhibit 2, containing a letter by Mr. Collingsworth's medical provider, Dr. Rachel Danielle Bailey, M.D. While Appellants are aware that a "party's second request for an extension of time to file its brief … is extremely disfavored," 11th Cir. R. 31-2(d), this Court's local rules establish that, "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act." *Id.* Because of Mr. Collingsworth's month-long hospitalization and ongoing treatment for stage-four esophageal cancer, summarized here and

[1] In anticipation of a grant of the unopposed consolidation of the RICO and Defamation appeals, *see infra*, Appellants file this motion for an extension of time for their consolidated opening brief. Appellants' requested extension is calculated from November 23, 2026, the later of the two now-rescinded opening brief deadlines. *See* RICO Doc. No. 20 (rescinding briefing schedule following filing of motion for consolidation); 11th Cir. R. 31-1(b) (stating in part that a motion for consolidation of appeals stays briefing deadlines).

attested to in the attached documents, there is good cause justifying a second extension of the deadline.

## RECITATION OF PRIOR ACTIONS

This motion for an extension of time is being filed concurrently with a motion for an extension of time in the consolidated appeal of the district court's sanctions order, Case No. 26-12509-AA, and the district court's dismissal of the *Melo* case, Case No. 26-12512.

## PROCEDURAL BACKGROUND

On July 16, 2026, Appellants Terrence Collingsworth and IRAdvocates filed their notice of appeal challenging the district court's entry of an adverse final judgment in the RICO case. RICO Doc. No. 1. On July 16, 2026, Mr. Collingsworth filed his notice of appeal challenging the adverse final judgment in the Defamation case.[2] Defamation Doc No. 1. On August 18, 2026, Appellants filed their first motions for extensions of time in both cases. RICO Doc. No. 13-1; Defamation Doc. No. 12. This Court granted both motions and set the deadlines for the opening brief in the RICO case on or before November 23, 2026, and the opening brief in the Defamation case on or before October 30, 2026. RICO Doc. No. 16; Defamation Doc. No. 15.

---

[2] IRAdvocates is not a party to the Defamation case.

On September 28, 2026, Appellee Drummond filed its motions for the consolidation of the RICO and Defamation appeals. RICO Doc. No. 19-1; Defamation Doc. No. 18-1. Appellants have communicated to Drummond's counsel that they do not oppose the consolidation of these two appeals and are filing notices of non-opposition to the consolidation motions concurrently with this motion.[3] Exhibit 1 at 3. The next day, the Court rescinded the briefing schedule in the RICO appeal while the motion to consolidate remains pending. *See* RICO Doc. No. 20.[4]

Appellants have conferred with Drummond regarding an extension of the opening brief deadline. Exhibit 1 at 3-5. Drummond has communicated that it conditionally opposes this motion unless Appellants' currently pending motion for a stay of execution of the judgment is fully denied by the district court. Exhibit 1 at 1.[5] The issue of the stay is fully briefed below—with Defendants' stipulation to preserve assets—and awaiting decision by the District Court. *Id.*

---

[3] In its motion to consolidate, Drummond also mentions the possibility of a four-way consolidation of the RICO and Defamation appeals at issue here with Appellants' appeals of the district court's sanctions order and its dismissal of the *Melo* case. *See* RICO Doc. No. 19-1, p. 4 n.2; Defamation Doc. No. 18-1, p. 4 n.2. Appellants do not consent to and oppose consolidation of all four appeals.

[4] Pursuant to Rule 31-1(b), the briefing schedule for the Defamation appeal is also stayed while the motions to consolidate remains pending.

[5] Drummond's counsel states that "Drummond does conditionally oppose the lengthy extension proposed by Appell[ants]. At the trial court level, Appell[ants] have moved to stay execution on the judgment without a bond pending appeal. That motion is fully briefed and awaiting decision from the trial court. If the motion is denied in full, such that a full supersedeas bond is required (and in the absence of which execution on the judgment can proceed during appeal), Drummond will

## STATEMENT OF FACTS

On July 23, 2026, just a week after the filing of the notices of appeal, Mr. Collingsworth had a medical exam with his primary care physician to ascertain the cause of unusual back pains he was experiencing. RICO Doc. No. 13-1, p. 2. On July 28, Mr. Collingsworth received a CT scan, which revealed a tumor in his back and other issues requiring further testing. *Id.* On August 13, Mr. Collingsworth was diagnosed with two crushed vertebrae[6] and stage-four esophageal cancer, which is a highly complex and life-threatening condition. *Id.* at 2; Dr. Bailey Letter, p.1. Within less than a week, Mr. Collingsworth promptly filed motions for extensions of time with this Court. *See supra*, p. 2.

On August 26, 2026, Mr. Collingsworth was admitted to Georgetown University Hospital "for management of serious complications related to metastatic esophageal cancer, including severe pain and weakness, difficulty swallowing with poor nutritional intake, elevated calcium level[s], and respiratory complications." Dr. Bailey Letter, p.1. The cancer has spread to Mr. Collingsworth's spine, causing him considerable pain. *Id.* Because of a large tumor compressing his esophagus, Mr.

---

rescind its opposition to this motion. However, the status quo is that execution is presently stayed as to the Appell[ants]. If that stay is extended to the entirety of the appeal, the Appell[ants]' requested extension only further lengthens that appeal time to the prejudice of Drummond, and for that reason Drummond opposes the extension." Exhibit 1 at 1.

[6] Mr. Collingsworth's cancer first metastasized in those two vertebrae, which were among the initial targets of radiation treatments.

Collingsworth can no longer swallow solid food and experiences extreme pain even when swallowing liquids. *Id.* This has resulted in Mr. Collingsworth suffering from severe malnutrition. *Id.* He has lost approximately thirty-five pounds. On August 31, Mr. Collingsworth was placed on a gastronomy tube, also known as a "feeding tube," which he continues to depend on for nutrition. *Id.*

Since then, Mr. Collingsworth has required extensive evaluation and treatment, including five radiation therapy treatments and two inpatient cycles of chemotherapy, the last of which was completed on September 27. Dr. Bailey Letter, p.1. Mr. Collingsworth also suffered multiple hypoxic respiratory failures, necessitating the removal of excess fluid from his lungs by thoracentesis, a procedure using a needle to drain fluids, on September 4, 9, 10, 13 and 29. *Id.* Due to low oxygen levels and his respiratory failures, Mr. Collingsworth has repeatedly been placed on an oxygen tank. *Id*. The severity of Mr. Collingsworth's medical condition and need for ongoing inpatient treatment have prevented him from participating in litigation. *Id.* While Mr. Collingsworth was recently allowed to return home under medical supervision after over a month-long hospital stay, he continues to require outpatient treatment at Georgetown University Hospital, including further chemotherapy and treatments addressing fluid buildups in his lungs. Simply put, Mr. Collingsworth is fighting for his life. His only realistic chance

of survival is a certain and sustained period of recovery during which he is able to focus on his recovery.

## ARGUMENT

**Mr. Collingsworth's hospitalization for stage-four esophageal cancer constitutes good cause for an extension of time.**

"A party's second request for an extension will be granted only upon a showing of extraordinary circumstances that were not foreseeable at the time the first request was made." 11th Cir. R. 31-2(d); *see also* Fed. R. App. P. 26(b) ("For good cause, the court may extend the time prescribed by these rules."). Here, such unforeseeable extraordinary circumstances exist.

**A. Extraordinary circumstances are present because Mr. Collingsworth's continuing hospitalization and cancer treatments render him unable to participate in litigation.**

Courts have repeatedly held that a severe health emergency suffered by counsel constitutes extraordinary circumstances. *See, e.g.*, *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (concluding that "illness of counsel entrusted with the filing responsibility may amount to extraordinary circumstances"); *Active Glass Corp. v. Architectural & Ornamental Iron Workers*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (counsel's "illness, with its accompanying chemotherapy and radiation treatments, readily" constituted intervening circumstances beyond the party's control under Rule 4(a).).

Here, Mr. Collingsworth is not only a party to this case but also Appellants' only counsel. While Mr. Collingsworth was engaged in efforts to retain appellate counsel at the time of his hospitalization, the severe deterioration of his health since August 26 has made it impossible for him to continue to do so. After multiple rounds of radiation treatments and chemotherapy, repeated respiratory failures and being unable to ingest food for over a month, Mr. Collingsworth struggles to concentrate for even a few minutes at a time. Due to his condition, he has thus far been unable to engage in meaningful consultations with appellate law firms, let alone write the appellate briefs himself. Therefore, extraordinary circumstances justify an extension of the briefing schedule. An extension of 120 days is necessary to hopefully provide Mr. Collingsworth with enough time to recover sufficiently to find appellate counsel to litigate these appeals while he focuses on overcoming his illness, and for Mr. Collingsworth to provide that counsel with guidance based on his unique, decades-long litigation history in these cases.

### B. Both the rapid deterioration of Mr. Collingsworth's condition and the complications in his treatment were not reasonably foreseeable.

The treatment complications Mr. Collingsworth has suffered during his hospitalization are the last in a rapid succession of tragic events, which neither he nor anybody else could have foreseen. Cancer is a notoriously unpredictable disease and even the most seasoned oncologists do not claim to be able to predict the progression, let alone outcome, of any particular patient's treatment.

At the time Mr. Collingsworth filed the original notices of appeal in the RICO and Defamation cases, he had no reason to suspect that, within little more than a month, he would be hospitalized for stage-four esophageal cancer. When Mr. Collingsworth filed his first request for an extension of time with this Court on August 18, he had just received his cancer diagnosis and had yet to be hospitalized or begin treatment. Having been healthy all his life, Mr. Collingsworth did not anticipate how quickly the cancer would ravage his body. Nor could he have reasonably foreseen that, within less than a month, treatment complications would require him to undergo five rounds of radiation treatments and two rounds of chemotherapy, or that he would be depending on a feeding tube and an oxygen tank for his survival.

**C. The outcome of the district court's ruling on the pending motion to stay execution of the judgment below is irrelevant to Mr. Collingsworth's ability to participate in litigation.**

Drummond conditionally opposes this motion unless Appellants' motion to stay execution of the judgment is denied by the district court. Exhibit 1 at 1. Drummond's position defies logic. The outcome of the motion to stay below is irrelevant to this motion to extend time, which is based on Mr. Collingsworth's stage-four cancer, as well as the resulting health complications and treatments. Regardless of how the district court rules on the motion to stay, Mr. Collingsworth will still be unable to participate in litigation while he undergoes severely invasive treatments

for potentially terminal cancer and remains dependent on an oxygen tank and a feeding tube to stay alive.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court grant an extension of 120 days, through and including March 23, 2027, for Appellants to file their Opening Brief.[7]

Respectfully submitted this 8th day of October, 2026,

/s/ Terrence Collingsworth
Terrence Collingsworth
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Phone: (202) 543-5811 (Office Direct)
(202) 255-2198 (Mobile)
Email: tc@iradvocates.org

***Counsel for Defendant-Appellant***

[7] This brief has been drafted by others, explained to and reviewed by Mr. Collingsworth, and approved by him consistent with his Rule 11 obligations.

## CERTIFICATE OF SERVICE

I hereby certify that, on October 8, 2026, I caused the foregoing to be electronically filed with the Clerk of the U.S. Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Terrence P Collingsworth
Terrence P. Collingsworth

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that this Motion for Extension of Time complies with the Rule in that it has a text typeface of 14 points and contains 2,038 words.

/s/ Terrence P Collingsworth
Terrence P. Collingsworth